**DAMIAN DIAZ, individually v. NEXA MORTGAGE, LLC, et al.**

## APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL

| Document | Date | Ex. No. | Pages |
|---|---|---|---|
| Civil Case Cover Sheet | 08/03/2022 | A | 001-003 |
| Summons | 08/03/2022 | B | 004-006 |
| Original Complaint | 08/03/2022 | C | 007-037 |
| First Amended Complaint | 10/31/2022 | D | 038-080 |
| Register of Actions | | E | 081-082 |
| California Secretary of State. Business Search | | F | 083-086 |

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MILLER LAW FIRM Matthew R. Miller 1946478<br>835 Fifth Ave. Suite 301 San Diego, CA 92101<br><br>TELEPHONE NO.: 619.687.0143    FAX NO. *(Optional):* 619.687.0136<br>E-MAIL ADDRESS: matt@mrmlawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Damian Diaz | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S Melrose Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/03/2022** at 01:30:59 PM

Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

CASE NAME:
Damian Diaz v. Nexa Mortgage, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00031816-CU-OE-NC<br>JUDGE: Judge Earl H. Maas III<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve      courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence      court
                                                        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8 unpaid wages, meal/rest break violations/ unlawful deductions, etc.
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 3, 2022
Matthew R. Miller
                (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

002

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/03/2022** at 01:30:59 PM

Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAMIAN DIAZ, individually and on behalf of all others similarly situated

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NEXA MORTGAGE, LLC, an Arizona Limited Liability Company; and DOES 1-100, inclusive

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court<br><br>325 S Melrose Dr. Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2022-00031816-CU-OE-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Miller 835 Fifth Ave. Suite 301 San Diego, CA 92101

| DATE:<br>*(Fecha)* | 08/11/2022 | Clerk, by<br>*(Secretario)* | *A. Woolf*<br>A. Woolf | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nexa Mortgage LLC
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov





| | |
|---|---|
| **Entity Name:** | **NEXA MORTGAGE, LLC** |
| **Jurisdiction:** | CA |
| **Date:** | 11/17/2022 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 37-2022-00031816-CU-OE-NC |
| **Plaintiff:** | DAMIAN DIAZ; ET AL. |
| **Defendant:** | NEXA MORTGAGE, LLC; ET AL. |
| **Document Type:** | Summons and Notice & Complaint |

# EXHIBIT C

**MILLER LAW FIRM**
Matthew R. Miller (SBN 194647)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Telephone: (619) 687-0143
Fax:  (619) 687-0136
matt@mrmlawfirm.com

Brian C. Dawson (SB#183251)
DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
San Diego, CA 92131
Telephone: (619) 988-2135
Email: brian@dawson-ozanne.com
Attorneys for Plaintiffs and all others similarly situated.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/03/2022** at 01:30:59 PM

Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEXA MORTGAGE, LLC, an Arizona Limited Liability Company; and DOES 1-100, inclusive<br><br>Defendants. | Case No.    37-2022-00031816-CU-OE-NC<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Failure to Reimburse and Unlawful Deductions<br>(2) Failure to Pay Minimum Wages<br>(3) Failure to Pay Overtime Wages<br>(4) Failure to Provide Rest & Meal Breaks<br>(5) Failure to Maintain and Furnish Accurate Records<br>(6) Failure to Timely Pay Wages<br>(7) Violation of B&P Code §§ 17200 *et seq.; and*<br>(8) Declaratory Relief<br><br>*JURY TRIAL DEMANDED* |

## <u>INTRODUCTION</u>

1.     This is a wage and hour class action lawsuit brought on behalf of California Loan Officers employed by the Defendant NEXA MORTGAGE, LLC ("NEXA") to recover unpaid minimum, regular and overtime wages, meal and rest premium

wages, unreimbursed business expenses, unlawful deductions, derivative penalties and declaratory relief.

2.     For the past few years, NEXA, an out-of-state Arizona based company, has become the fastest growing mortgage company through cost saving practices such as wage theft.  The scheme is simple and involves exploiting California workers by misclassifying them as exempt from overtime, minimum wage, meal and rest break laws.  Once hired, the worker is required to pay for all home office expenses and pay for some of NEXA's business expenses, which are deducted from the employees' commission.  So how does NEXA circumvent California wage and hour laws? It requires its California employees to enter into an Employment Agreement in which the employee waives all rights under California law, including his/her right to petition their local Court for violations of California Labor laws.  Indeed, the employee must go to Arizona, pay for an arbitrator and apply Arizona law, which does not protect employees the same way that California does.

3.     NEXA wants the benefits of using California workers to sell its loans to California consumers without the burden of having to comply with California law.  NEXA's avoidance of California labor laws hurt workers and undermines other competing business who play by the rules.  Mr. Diaz, on behalf of himself and all Loan Officers employed by NEXA, seek a stop to these illegal employment practices and to recover all monies earned and owed to the workers victimized by NEXA's practices.

## **PARTIES**

4.     Plaintiff Damian Diaz ("DIAZ"), at all times relevant, is a resident of San Diego County, California.  DIAZ entered into a written employment contract with NEXA on or about or about July 13, 2020, for the position of "Outside Loan Officer".  DIAZ was

responsible for selling mortgage loan products to customers out of his home office which Defendants required him to maintain but did not pay for.  DIAZ conducted sales from his home office more than half his working time and only occasionally met with clients outside of his home office.  DIAZ was paid a percentage of the yield spread premium paid to Defendant which is based on a percentage of the profit obtained by Defendants from the sale of a loan. As a result, there were pay periods during which DIAZ received less than minimum wage or no compensation because he did not make any sales and/or was not paid all earned wages on loans that he originated.  DIAZ worked at least five (5) days a week and ten (10) hours a day.  DIAZ began work early in the morning and worked into the evenings and on the weekends, causing his hours worked to regularly exceed forty (40) in a workweek.  Throughout his employment, DIAZ incurred deductions from his wages for business expenses of the Defendants that were past on to him.

5.     Plaintiff brings this proposed class action on behalf of himself, individually, and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure § 382, against the Defendants herein.  All members of the putative class were improperly classified as exempt Outside Loan Officers and were subject to policies and practices as alleged herein.  Plaintiff and the putative class members are herein after collectively referred to as "Plaintiffs".

6.     Defendant NEXA MORTGAGE LLC ("NEXA") is, on information and belief, a residential mortgage broker that lends mortgages to home buyers and consumers seeking to refinance their existing mortgages. NEXA is a limited liability company organized and existing under the laws of the State of Arizona and, on information and belief, employs hundreds of mortgage officers in the state of California, with several,

including plaintiff DIAZ working for NEXA within the county of San Diego.

7.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is in some manner liable to Plaintiff for the events and actions alleged herein.  Specifically, at all times herein mentioned, Defendants, including Defendants' managing agents, officers and directors, had, on information and belief, advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint.  At all times herein mentioned, the Defendants aided and abetted the acts and omission of each and all of the other Defendants in proximately causing the damages as herein alleged. All named Defendants, and DOES 1 through 50, will be collectively referred to as "Defendants" and/or "NEXA."

8.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 51 through 100, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 51 through 100 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is personally liable for some, or all, of the claims alleged in the Complaint pursuant to Labor Code §558 and 558.1.

**JURISDICTION AND VENUE**

9.      The amount in controversy arising from the actions and statutory violations as further described herein is sufficient to implicate the general jurisdiction of the Superior Court in and for the County of San Diego.

10.      Venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a).   Defendants transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process.   The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within San Diego County.

**GENERAL ALLEGATIONS**

**Plaintiffs were misclassified as Exempt Outside Sales**

11.      Plaintiffs are nonexempt employees, but were misclassified by Defendants as exempt based on the outside salesperson exemption.   Plaintiffs, however, worked less than 50% of their time outside offices or work locations designated by Defendants. Indeed, Defendants do not maintain brick and mortar offices in the State of California, therefore Plaintiffs were required to work from home, thus they could not qualify as outside salespersons.

12.      Plaintiffs are loan officers who promote and sell Defendants' loan products to customers, which is work directly related to the goods and services that constitute a financial service company's marketplace offerings.   §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption.   Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and

5

regularly engaged and/or spend more than half of his/her working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

13.    "Outside sales does not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property." (29 C.F.R. 541.502).

14.    Defendants require Plaintiffs to perform day-to-day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a result, Plaintiffs are engaged in a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore have been properly paid all earned wages including minimum and overtime compensation. Specifically, DIAZ worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintiffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

15.    In addition, §13 of the FLSA and Title 29 of the C.F.R. set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such

establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail or service establishment" within the statutory definition of the Act." Plaintiffs are not exempt under §13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.* because Defendants are a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffs do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law.  Defendants' conduct as herein alleged was willful and not in good faith, and Defendants had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

**A.      Defendants' Wage and Hour Violations**

16.      As a result of Defendants' misclassification, Plaintiffs were not reimbursed for business expenses, paid minimum wage for certain non-sales tasks, not paid overtime, and were not provided or compensated for meal or rest breaks, and were subject to unlawful deductions.  Defendants' conduct as set forth below, violated, among other statutes, Labor Code §§201, 202, 203, 204, 218.5, 221, 226, 226.3, 226.7, 510, 512, 1194, 1197 as well as IWC Wage Order No. 4-2001.

**i.      Unreimbursed Expenses**

17.      Defendants failed to indemnify and reimburse the Plaintiffs for required expenses incurred in the discharge of their duties for Defendant.  Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed

them to be unlawful."  In this case, Defendants failed to reimburse the Plaintiffs for home office expenses, including a printer, fax machine, internet, phone, and other office-related products; and other loan servicing related expenses in violation of California Labor Code § 2802.

### ii.    Unlawful Deductions

18.    In violation of Labor Code § 221, Defendants passed on their labor costs to Plaintiffs.  Cal. Lab. Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Prior to receiving their earned commission Defendants would deduct "fees", costs and expenses that were part of the general overhead of the Defendants.  These deductions included, but are not limited to, background checks, Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch (BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous" fees.  Plaintiffs are informed and believe that in some cases, loan officers earned less than minimum wage required for all hours worked after Defendants' deductions.

### iii.    Unpaid Wages

19.    Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants.   Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiffs regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiffs, however, were not compensated for their overtime in violation of Labor Code § 510.

iv.   <u>**Unpaid Commissions**</u>

20.    Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are earned. This compensation plan that requires the Loan Officers to forfeit earned wages for failing to remain an employee after the wages are earned is an unlawful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what is necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of earned wages for work performed by the Plaintiffs is therefore a de facto unenforceable penalty provision which results in an unlawful forfeiture of earned compensation, divests compensation from these employees, and is unconscionable within the meaning of Cal. Lab. Code § 1670.5.

v.   <u>**Wage Statement Violations**</u>

21.    Defendants failed to maintain and provide Plaintiffs with complete and accurate wage statements which failed to show, among other things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all

9

016

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Defendants provided Plaintiffs with wage statements that violate Cal. Lab. Code § 226, and also violate Wage Order No. 4 by failing to maintain time records showing when work begins and ends for each employee.

### vi.    Meal and Rest Breaks

22.    Because they misclassified Plaintiffs as exempt, Defendants did not provide Plaintiffs with meal or rest breaks.   In violation of Labor Code § 266.7, Defendants also did not compensate Plaintiffs for rest breaks because Defendants paid on a commission basis for sales work and failed to separately pay Plaintiffs for rest breaks.

### B.    Defendant's Employment Agreement Contains Numerous Unconscionable Clauses Under California Law.

23.    Plaintiffs were all provided with a take-it or leave-it Employment Agreement, which they were required to sign as a condition of their employment. Defendants' Employment Agreement is littered with unconscionable clauses in a thinly-veiled attempt to garner an unfair advantage over Plaintiffs who dare seek redress against Defendants illegal employment practices.   The offending clauses and the arbitration provisions of the Employment Agreement renders the entire agreement void and unenforceable.

### i.    The Employment Agreement Contains An Improper Fee Shifting Provision

24.    Defendants' Employment Agreement contains an arbitration agreement, which purports to be optional, but in practice, is a mandatory condition of Plaintiffs' employment.   The California Supreme Court has held that when an employer imposes

mandatory arbitration as a condition of employment, the arbitration agreement cannot require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.   (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 110-111). Section VII of the Defendants' Employment Agreement, which states in pertinent part that, "the parties will share equally in the cost of such Arbitration...", is the type of cost-splitting provision that has specifically been held to be unconscionable and is therefore unenforceable.

**ii.      The Employment Agreement Contains an Improper Choice of Law and Forum-selection Clause.**

25.      Defendants' Employment Agreement requires disputes to be resolved in Arizona and that the employment relationship between NEXA and its employees will be governed and construed under and enforce with Arizona laws.   California prohibits employers from requiring an employee who primarily resides and works in California to agree, as a condition of employment, to a provision that would require the employee to adjudicate outside of California a claim arising in California or deprive the employee of the substantive protection of California law with respect to any controversy arising in California. Any provision that violates these prohibitions is voidable (Lab.C. § 925(a), (b)). Plaintiffs all executed the Agreements in California, lived and worked in California, during all times relevant herein.  This provision is therefore unenforceable.

**iii.      The Employment Agreement Contains an Improper Ban on Class Actions.**

26.      Defendants' Employment Agreement prohibits employees from pursuing or participating in relief on a class or collective action basis against NEXA "arising out of

11

Complaint For Damages

the employment relationship or this agreement." The California Supreme Court has held that class arbitration waivers are unlawful when they impermissibly interfere with the vindication of unwaivable statutory rights. "We conclude that at least in some cases, the prohibition of classwide relief would undermine the vindication of the employee's unwaivable statutory rights and would pose a serious obstacle to the enforcement of the state's overtime laws. Accordingly, such class arbitration waivers should not be enforced if a trial court determines…that class arbitration would be significantly more effective way of vindicating the rights of affected employees than individual arbitration." (Gentry v. Superior Court (2007) 42 Cal.4th 443). Further, the Federal Arbitration Act does not preempt California law with respect to class action waivers that apply outside of arbitration to non-arbitrable claims. (Garrido v. Air Liquide Industrial U.S. LP (2015) 241 Cal.App4th 833, 837-838 (observing claims that are not required to be arbitrated are not governed by the FAA and "Gentry's holding has not been overturned under California law in situations where the FAA does not apply")).

27.    Defendants' arbitration agreement, which requires employees to bring non-arbitrable claims individually in court – especially wage and hour claims where the potential recovery is modest – is contrary to public policy, unfair, and effectively exculpates Defendants from liability for common violations of the Labor Code. The class waiver is therefore unconscionable and unenforceable under California law because it applies to non-arbitrable claims that are not covered by the FAA, and because it imposes unfair obstacles to employees vindicating their statutory and unwaivable rights under the Labor Code.

**CLASS ACTION ALLEGATIONS**

28.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to § 382 of the Code of Civil Procedure.  The Class is sufficiently numerous and estimated to include between thirty to fifty employees, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties, Class members, and the Court.  Plaintiff seeks to represent a Class composed of and defined as follows:

> Plaintiff Class:    All current or former employees of Nexa Mortgage, LLC who worked in California as mortgage salespersons or loan officers or similar position, and were classified as exempt, at any time beginning four years prior to the filing of this action through the date of trial.

29.     Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

30.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.     *COMMONALITY*:   The Representative Plaintiff and the putative class members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i.     Whether Defendants misclassified Plaintiffs as exempt under the outside salesperson exemption.

ii.     Whether the choice of law, forum selection and arbitration provisions in the Defendants' Employment Agreement are enforceable.

13

iii.   Whether Defendants' violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home.

iv.   Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §1194 by failing to provide or pay minimum wage to Plaintiffs.

v.   Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §510 by failing to provide or pay overtime to loan officers.

vi.   Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §226.7 by failing to provide or pay for meal and rest breaks.

vii.   Whether Defendants violated Labor Code §226 by failing to provide Plaintiffs with accurate itemized statements in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employer.

viii.   Violating Labor Code Sections 201, 202, 203 & 204 by failing to tender timely and full payment and/or restitution of all wages owed to the employees whose employment with Defendants has terminated on sales which payment was received by Defendants;

ix.   Whether Plaintiffs are entitled to restitution under Cal.Bus. & Prof. Code §§ 17200 et seq.

x.   Whether Plaintiffs are entitled to receive interest on unpaid compensation due and owing them.

xi.   Where Defendants' systemic acts and practices violated California Labor Code §§ 201, 202, 221, 226.7, 351, 510, 512, 558, 1174, 1194 and 1197, applicable IWC wage orders, and California Business and Professions Code § 17200 et seq.

b.      *NUMEROSITY*:  A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the Plaintiff Class are so numerous that joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of thirty to fifty persons.  Individual joinder of Class members is also impracticable.  The identity of Class Members can be determined easily upon analysis of, inter alia, employee and payroll records maintained by NEXA.

c.      *TYPICALITY*:  The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class.  The Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants common course of conduct in violation of law, as alleged herein.

d.      *SUPERIORITY OF CLASS ACTION*:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgment and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex and factual issues.   Moreover, individual actions by class members may establish inconsistent standards of conduct for NEXA.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member.  Plaintiffs are informed and believe that

NEXA used the same Employment Agreement on every loan officer, thereby making appropriate relief with regard to the members of the class as a whole, as requested herein.

     e.     <u>ADEQUACY OF REPRESENTATION</u>:  The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members.  The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature.  The Representative Plaintiff is not subject to any individual defense unique from those conceivably applicable to the Plaintiff Class as a whole.  The Representative Plaintiff anticipates no management difficulties in this litigation.

**FIRST CAUSE OF ACTION**
**Failure To Reimburse Business Expenses / Unlawful Deduction**
**(Against all Defendants)**

     31.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

     32.     At all mentioned times in this Complaint California Labor Code §§ 221 and 2802 were in full force and effect and binding on Defendants. Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

     33.     California Labor Code §221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

     34.     California Labor Code §2802 provides, "An employer shall indemnify his or

16
Complaint For Damages

her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful."

35.     During the applicable statutory period, Plaintiffs incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants.  These business expenses which Plaintiffs incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office.  Defendants did not reimburse these expenditures or losses to Plaintiffs. Moreover, Defendants had a policy and practice of deducting its business expenses from Plaintiffs' earned commissions.

36.     Plaintiffs are entitled to reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants, and they are entitled to restitution of all monies unlawfully withheld by the Defendants in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wage in violation of
### California Labor Code §§ 510, 1194, 1197 and IWC Wage Order 4-2001 §4.
### (Against all Defendants)

37.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38.     Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.  At all times relevant, Defendants willfully failed and refused, and continue to willfully fail and refuse,

17

024

to pay Plaintiffs the amounts owed.

39.    Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code § 1197 provides "the minimum wage for employers fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."  Labor Code § 1194 provides "[N]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.    Labor Code § 1194.2 provides in relevant part: "In any action under §1193.6 or §1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

41.    Pursuant to IWC Wage Order No. 4-2001, at all time material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, where or not required to do so."

42.    Plaintiffs are required to work non-selling time, for which they are not compensated.  This includes, but is not limited to, meetings, loan processing, training, loan tracking and/or customer service. Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated. For all hours Plaintiffs worked, they are entitled to not less than the California minimum

Complaint For Damages

wage and liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.   In addition, Plaintiffs are entitled to their attorneys' fees, costs and interest according to proof, and to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 et seq.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of**
**California Labor Code §§ 204, 510, 1194, 1197 & 1198 and IWC Wage Order 4-2001.**
**(Against all Defendants)**

43.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44.    Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.

45.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.   This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

46.    At all times relevant herein, IWC Wage Order No. 4-2001, governing "Professional, Technical, Clerical, Mechanical and Similar Occupations," applied and continues to apply to Plaintiffs.

47.    At all times relevant herein, IWC Wage Order No. 4-2001 provides for payment of overtime wages equal to one and one-half (1.5) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a work week, and/or for payment of overtimes wages equal to double the employee's regular rate of pay for all hours in excess of twelve (12) hours in any workday and/or for all hours worked in excess in eighty (8) day of work in any

19

026

one workweek.

48.     Throughout the class period, Plaintiffs have routinely and regularly worked in excess of eight hours per day and/or forty hours per week.

49.     Under the provisions of IW|C Order 4-2001, Plaintiffs should have received overtime wages in a sum according to the proof for hours worked during the three (3) years prior to filing of this action.  Defendants owe Plaintiffs overtime wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs the amounts owed.

50.     Plaintiffs request recovery of overtime compensation according to proof, interest, attorney fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties on behalf of those employees no longer employed by the Defendants against Defendants in a sum as provided by the California Labor Code and/or other applicable statutes.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal and/or Rest Periods**
**California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001.**
**(Against all Defendants)**

51.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     Labor Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the

20

027

total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.:

§11 of the Order 4-2001 of the Industrial Wage Commission provides in relevant part:

Rest Periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

53.     Defendants have intentionally and improperly failed to provide and/or permit all rest and/or meal periods without any work or duties to Plaintiffs who worked more than three and one half hours (3 ½) per day, and by failing to do so Defendants violated the provisions of Labor Code 226.7.   Plaintiffs were often expected and required to continue working through rest periods to meet the expectations of Defendants and finish the workday.   In some cases when Plaintiffs worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period.   As a result, Plaintiffs were periodically unable to take compliant rest periods.

54.     In addition to failing to authorize and permit compliant reset periods, Plaintiffs were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code § 226.7.   Thus, Defendants have violated Labor Code § 226.7 and the applicable Wage Order.

55.     Therefore, as a result of Defendants unlawful acts, Plaintiffs have been deprived of timely off-duty breaks and are entitled to recovery under Labor Code §226.7(b) and § 11 of IWC Wage Order No. 4-2004, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants fialed to provide its employees with timely statutory off-duty breaks.

### FIFTH CAUSE OF ACTION
**Failure to Maintain Accurate Records and Furnish Accurate Itemized Wage Statements Violation of California Labor Code §§ 226 (b), 1174, 1175 (Against all Defendants)**

56.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     Labor Code § 226(a) of the California Labor Code requires Defendants to

itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the putative class members.   Defendants knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and the putative class. Specifically, Defendants knew that its employees worked far more hours than the hours listed on their timesheets and that its employees were in fact performing "prep work" off the clock.  Defendants maintained these policies despite this knowledge.

58.   Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

59.   §1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.   Likewise, IWC Wage Order 4-2001(7) requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the putative class members.  Labor Code §1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

60.   Defendants have intentionally and willfully failed to keep accurate and complete records showing the hours worked daily, breaks taken and missed, and wages

Complaint For Damages

paid to Plaintiffs.  Thus, Plaintiffs have been denied their legal right and protected interest in having available at a central location accurate and complete payroll records showing the hours worked daily by, and the wages paid to them.

61.    In addition, Defendant knowingly and intentionally failed to maintain, furnish and provide timely, accurate, itemized wage statements by failing, inter alia, to identify all hours worked by Plaintiffs.  Further, the wage statements were inaccurate as the unreimbursed business expenses, unpaid wages, missed meal and rest breaks were not included in the gross wages earned by Plaintiffs.

62.    Defendants' failure to provide Plaintiffs with accurate itemized wage statements during the Class period has caused Plaintiffs to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest and meal periods, for hours worked without pay, for overtime work without pay. In addition, the Defendants provided inaccurate information regarding the hours worked, which masked the underpayment of wages to Plaintiffs.

63.    As a result of Defendants' issuance of inaccurate itemized wage statements and failure to maintain accurate records of Plaintiffs hours worked, Plaintiffs are entitled to recover penalties pursuant to § 226(e).

## SIXTH CAUSE OF ACTION
### Violations of Labor Code § 203 (Waiting Time Penalties)
### (Brought by Plaintiff on behalf Class Members who are no longer employed by Defendants)

64.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65.    California Labor Code § 201 requires Defendants to pay their discharged employees all wages due immediately upon discharge.

66.    California Labor Code § 202 requires that if an employee quits his or her

24

031

employment, "his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.   Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive a payment by mail if he or she so requests and designates a mailing address.

67.   Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

68.   Plaintiff and other putative class members who have been discharged or who have quit are entitled to all unpaid compensation, pursuant to California Labor Code § 203, but, to date, have not received such compensation, as alleged above. Plaintiff and the putative class members have not received payment for all of the time spent working for Defendants.

69.   Defendants' willful failure to pay wages to these class members violates Labor Code § 203 because Defendants knew or should have known wages were due to these employees, but Defendants failed to pay them.   Thus, these class members are entitled to recover their daily wage multiplied by thirty days and interest on all amounts recovered herein.

### SEVENTH CAUSE OF ACTION
**Violation of Business & Professions Code**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

70.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

71.    California Business & Professions Code ("B&PC") §§17200 et seq. provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

72.    B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

73.    B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who suffered injury in fact and lost money or property as a result of such unfair competition.

74.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Orders as specifically described herein.

75.    Defendants have engaged in unfair, unlawful and fraudulent business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation, by failing to furnish Plaintiff and the putative class members with accurate itemized wage statements, failing to keep payroll records showing total hours worked, and by requiring

Complaint For Damages

033

Plaintiff and the putative class members to agree to a terms or conditions of employment that Defendants knew or should have known is prohibited by law.

76.   Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

77.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair practices.

78.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

79.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

80.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

**EIGHTH CAUSE OF ACTION**
**Declaratory Relief**

81.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

82.   CCP § 1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

83.   An actual controversy exists between the parties as to the enforceability of

the Employment Agreement and its provisions as stated above.   It is therefore necessary that the Court declare the rights and duties of the parties hereto.

84.    Labor Code § 925 prohibits an employer from requiring an employee who primarily resides and works in California to agree to a provision that either: (1) requires the employee to adjudicate outside of California a claim arising in California; or (2) deprives the employee of the substantive protection of California law with respect to a controversy arising in California.   Labor Code § 432.5 makes it unlawful for an employee to require an employee to agree, in writing, to a term or condition known by the employer to be prohibited by law.

85.    Plaintiffs assert the choice-of-law and forum selection provisions in the Defendants standard Employment Agreement are void and illegal, not just under Labor Code 925, but also under other California laws, including California's constitutional right to privacy, Business and Professions Code 16600, 17200 et seq., the Cartwright Act and Labor Code 98.6, 203, 226, 232, 232.5, 432.5, 450, 510, 1102.5, 1194, 1197.5, 2802, and 2804.   These laws were established for a public reason and establish unwaivable rights.

86.    In light of the facts set forth above, a case or controversy exists as to whether Defendants requirement that Plaintiffs agree to Arizona forum selection and choice of law provision is unlawful and unenforceable.   Plaintiffs seek judicial declaration of their rights and obligations with respect to Defendants forum selection and choice of law provisions. Specifically, they seek a judicial declaration that Defendants violate the law (including Labor Code Section 432.5 and 925) by requiring employee to agree to the forum selection and choice of law provisions in their employment documents.   The also seek a declaration that the forum selection and

choice of law provisions violate the laws referenced above.

87.     In addition, Plaintiffs are informed and believe that Defendants require all current employees and applicants for employment to execute, as part of their continued or application for employment, an Employment Agreement that contains an arbitration provision.   The arbitration agreement is an adhesive contract because agreement is drafted exclusively by Defendants, at the time the arbitration provision was executed by Plaintiffs, Defendants exercised superior bargaining power over the employees and applicants for employment.   Further, Defendants require Plaintiffs to adhere to the terms of the standard form agreement presented to them on a "take it or leave it" basis.   There was and is no opportunity to negotiate different terms than those drafted by Defendants. Further, the arbitration agreement is unenforceable for a number of reasons, including the reasons stated above, and because the Agreement limits Plaintiffs' procedural and substantive rights and requires Plaintiffs to pay the fees of retired judges who act as arbitrators.

88.     Further, Plaintiffs seek a judicial determination regarding the enforceability of the "class waiver" contained in Defendants' Employment Agreement.

89.     Ancillary to this judicial declaration, Plaintiffs seek an injunction: (1) Prohibiting Defendants from requiring Plaintiffs to sign employment documents that contain out-of-state forum selection or choice of law provisions; and (2) prohibiting Defendants from threatening to enforce or enforcing these forum selection and choice of law provisions.   Plaintiffs also seek an affirmative injunction requiring Defendants to inform class members that its forum selection and choice of law provisions are unlawful, and it will not threaten to enforce or enforce these provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against the Defendants as follows:

1.      An Order that this action may proceed and be maintained on a class-wide basis;

2.      Appropriate Injunctive relief;

3.      Attorneys' fees and costs, according to proof;

4.      Disgorgement and restitution, according to proof;

5.      Statutory and civil penalties, according to proof;

6       Damages for the mount of unpaid compensation, including interest thereon, liquidated damages, and penalties subject to proof at trial;

7.      Directing such other and further relief as this Court may deem proper.

## **JURY DEMAND**

WHEREFORE, Plaintiff demands a trial by jury.

**MILLER LAW FIRM**

Dated:  August 3, 2022              By:      ***/s/ Matthew R. Miller***
                                                       Matthew R. Miller
                                                       Attorneys for Plaintiff and the Proposed Class

Complaint For Damages

# EXHIBIT D

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/31/2022** at 11:32:00 AM
Clerk of the Superior Court
By Teresa Porotesano, Deputy Clerk

1 | **MILLER LAW FIRM**
Matthew R. Miller (SBN 194647)
2 | Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 301
3 | San Diego, CA 92101
4 | Telephone: (619) 687-0143
Fax: (619) 687-0136
5 | matt@mrmlawfirm.com

6 | Brian C. Dawson (SB#183251)
7 | DAWSON & OZANNE
5755 Oberlin Dr., Suite 301
8 | San Diego, CA 92131
Telephone: (619) 988-2135
9 | Email: brian@dawson-ozanne.com
Attorneys for Plaintiffs and all others similarly situated.
10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF SAN DIEGO**

13 | DAMIAN DIAZ, individually and on behalf | Case No.
of all others similarly situated,
14 | | **FIRST AMENDED CLASS ACTION**
| Plaintiff, | **COMPLAINT FOR:**
15

16 | v. | (1) Failure to Reimburse and Unlawful
| | Deductions
17 | NEXA MORTGAGE, LLC, an Arizona | (2) Failure to Pay Minimum Wages
Limited Liability Company; and DOES 1- | (3) Failure to Pay Overtime Wages
18 | 100, inclusive | (4) Failure to Provide Rest & Meal Breaks
| | (5) Failure to Maintain and Furnish
19 | Defendants. | Accurate Records
| | (6) Failure to Timely Pay Wages
20 | | (7) Violation of B&P Code §§ 17200 *et*
21 | | *seq.;*
| | (8) Declaratory Relief, and
22 | | (9) Enforcement of Labor Code Section
| | 2698 et seq. ("PAGA")
23

24 | | *JURY TRIAL DEMANDED*
25

26

27

28

1

First Amended Complaint For Damages

039

## INTRODUCTION

1.      This is a wage and hour class action lawsuit and representative action pursuant to the Private Attorneys General Act of 2004, Cal.Lab.Code section 2698 et seq., brought on behalf of California Loan Officers employed by the Defendant NEXA MORTGAGE, LLC ("NEXA") to recover unpaid minimum, regular and overtime wages, meal and rest premium wages, unreimbursed business expenses, unlawful deductions, derivative penalties and declaratory relief.

2.      For the past few years, NEXA, an out-of-state Arizona based company, has become the fastest growing mortgage company through cost saving practices such as wage theft.  The scheme is simple and involves exploiting California workers by misclassifying them as exempt from overtime, minimum wage, meal and rest break laws. Once hired, the worker is required to pay for all home office expenses and pay for some of NEXA's business expenses, which are deducted from the employees' commission. So how does NEXA circumvent California wage and hour laws? It requires its California employees to enter into an Employment Agreement in which the employee waives all rights under California law, including his/her right to petition their local Court for violations of California Labor laws.  Indeed, the employee must go to Arizona, pay for an arbitrator and apply Arizona law, which does not protect employees the same way that California does.

3.      NEXA wants the benefits of using California workers to sell its loans to California consumers without the burden of having to comply with California law. NEXA's avoidance of California labor laws hurt workers and undermines other competing business who play by the rules. Mr. Diaz, on behalf of himself and all Loan Officers employed by NEXA, seek a stop to these illegal employment practices and to

1    recover all monies earned and owed to the workers victimized by NEXA's practices.

2                                    **PARTIES**

3        4.      Plaintiff Damian Diaz ("DIAZ"), at all times relevant, is a resident of San

4    Diego County, California.  DIAZ entered into a written employment contract with NEXA

5    on or about or about July 13, 2020, for the position of "Outside Loan Officer".  DIAZ was

6    responsible for selling mortgage loan products to customers out of his home office

7    which Defendants required him to maintain but did not pay for.  DIAZ conducted sales

8    from his home office more than half his working time and only occasionally met with

9

10   clients outside of his home office.  DIAZ was paid a percentage of the yield spread

11   premium paid to Defendant which is based on a percentage of the profit obtained by

12   Defendants from the sale of a loan. As a result, there were pay periods during which

13   DIAZ received less than minimum wage or no compensation because he did not make

14   any sales and/or was not paid all earned wages on loans that he originated.  DIAZ

15   worked at least five (5) days a week and ten (10) hours a day.  DIAZ began work early

16

17   in the morning and worked into the evenings and on the weekends, causing his hours

18   worked to regularly exceed forty (40) in a workweek.  Throughout his employment, DIAZ

19   incurred deductions from his wages for business expenses of the Defendants that were

20   past on to him.

21

22       5.      Plaintiff brings this proposed class action on behalf of himself, individually,

23   and on behalf of all similarly situated individuals, pursuant to Code of Civil Procedure §

24   382, against the Defendants herein.  All members of the putative class were improperly

25   classified as exempt Outside Loan Officers and were subject to policies and practices

26   as alleged herein.  Plaintiff and the putative class members are herein after collectively

27   referred to as "Plaintiffs".

28

                                          3

6. In addition, pursuant to the Private Attorney General Act ("PAGA"), incorporated in Labor Code Sections 2698 et seq., Plaintiff brings this representative action against Defendant NEXA MORTGAGE LLC and DOES 1 through 50, for wage and hour violations of the California Labor Code and the applicable Industrial Welfare Commission Wage Order (the "IWC Wage Order"). Pursuant to Labor Code section 2699, any provision of the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commission, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3. By this action, Plaintiff, who is an aggrieved employee, seeks civil penalties on behalf of himself and other aggrieved employees pursuant to the PAGA.

7. Plaintiff has satisfied all the prerequisites set out in California Labor Code Section 2699.3 required for maintaining a civil suit to recover the aforementioned penalties. On August 1, 2022, Plaintiff, by and through counsel, filed his PAGA Notice online with the Labor Workforce Development Agency ("LWDA"), paid the $75.00 filing fee, and sent a letter by certified mail to Defendants setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code Section 2698 et seq. Attached as Exhibit 1 is a copy of Plaintiff's letter to the LWDA. The California Department of Industrial Relations' website confirms receipt of Plaintiff's submission, Case No. LWDA-CM-901646-22. The statutory period, 65 days, for the LWDA to serve Plaintiff with a notice of its intent to investigate and assume jurisdiction over the applicable penalty claims has past. Therefore, Plaintiff may proceed with a civil action pursuant to Labor Code Section 2699.

First Amended Complaint For Damages

8.     Defendant NEXA MORTGAGE LLC ("NEXA") is, on information and belief, a residential mortgage broker that lends mortgages to home buyers and consumers seeking to refinance their existing mortgages. NEXA is a limited liability company organized and existing under the laws of the State of Arizona and, on information and belief, employs hundreds of mortgage officers in the state of California, with several, including plaintiff DIAZ working for NEXA within the county of San Diego.

9.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is in some manner liable to Plaintiff for the events and actions alleged herein.   Specifically, at all times herein mentioned, Defendants, including Defendants' managing agents, officers and directors, had, on information and belief, advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint.  At all times herein mentioned, the Defendants aided and abetted the acts and omission of each and all of the other Defendants in proximately causing the damages as herein alleged. All named Defendants, and DOES 1 through 50, will be collectively referred to as "Defendants" and/or "NEXA."

10.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 51 through 100, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names

pursuant to § 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 51 through 100 when their names are ascertained.   Plaintiff is informed and believes, and based thereon alleges, that each DOE Defendant is personally liable for some, or all, of the claims alleged in the Complaint pursuant to Labor Code §558 and 558.1.

## JURISDICTION AND VENUE

11.    The amount in controversy arising from the actions and statutory violations as further described herein is sufficient to implicate the general jurisdiction of the Superior Court in and for the County of San Diego.

12.    Venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a).   Defendants transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process.   The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within San Diego County.

## GENERAL ALLEGATIONS

### Plaintiffs were misclassified as Exempt Outside Sales

13.    Plaintiffs are nonexempt employees, but were misclassified by Defendants as exempt based on the outside salesperson exemption.  Plaintiffs, however, worked less than 50% of their time outside offices or work locations designated by Defendants. Indeed, Defendants do not maintain brick and mortar offices in the State of California, therefore Plaintiffs were required to work from home, thus they could not qualify as outside salespersons.

14.    Plaintiffs are loan officers who promote and sell Defendants' loan products to customers, which is work directly related to the goods and services that constitute a

6

First Amended Complaint For Damages

financial service company's marketplace offerings. §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption. Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and regularly engaged and/or spend more than half of his/her working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

15.    "Outside sales does not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property." (29 C.F.R. 541.502).

16.    Defendants require Plaintiffs to perform day-to-day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a result, Plaintiffs are engaged in a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore have been properly paid all earned wages including minimum and overtime compensation. Specifically, DIAZ worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintiffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

First Amended Complaint For Damages

045

17.     In addition, §13 of the FLSA and Title 29 of the C.F.R. set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail or service establishment" within the statutory definition of the Act." Plaintiffs are not exempt under §13 of the FLSA or the provisions of 29 C.F.R. 541, *et seq.* because Defendants are a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffs do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law. Defendants' conduct as herein alleged was willful and not in good faith, and Defendants had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

## A.     Defendants' Wage and Hour Violations

18.     As a result of Defendants' misclassification, Plaintiffs were not reimbursed for business expenses, paid minimum wage for certain non-sales tasks, not paid overtime, and were not provided or compensated for meal or rest breaks, and were subject to unlawful deductions. Defendants' conduct as set forth below, violated, among other statutes, Labor Code §§201, 202, 203, 204, 218.5, 221, 226, 226.3, 226.7, 510, 512, 1194, 1197 as well as IWC Wage Order No. 4-2001.

1

**i.**    **Unreimbursed Expenses**

2

    19.    Defendants failed to indemnify and reimburse the Plaintiffs for required

3

expenses incurred in the discharge of their duties for Defendant. Cal. Lab. Code §

4

2802 provides that "an employer shall indemnify his or her employee for all necessary

5

6

expenditures or losses incurred by the employee in direct consequence of the discharge

7

of his or her duties, or of his or her obedience to the directions of the employer, even

8

though unlawful, unless the employee, at the time of obeying the directions, believed

9

them to be unlawful." In this case, Defendants failed to reimburse the Plaintiffs for

10

home office expenses, including a printer, fax machine, internet, phone, and other

11

office-related products; and other loan servicing related expenses in violation of

12

California Labor Code § 2802.

13

14

**ii.**    **Unlawful Deductions**

15

    20.    In violation of Labor Code § 221, Defendants passed on their labor costs

16

to Plaintiffs. Cal. Lab. Code § 221 provides that it shall be unlawful for any employer to

17

collect or receive from an employee any part of wages theretofore paid by said

18

employer to said employee. Prior to receiving their earned commission Defendants

19

would deduct "fees", costs and expenses that were part of the general overhead of the

20

Defendants. These deductions included, but are not limited to, background checks,

21

Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch

22

(BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous"

23

24

fees. Plaintiffs are informed and believe that in some cases, loan officers earned less

25

than minimum wage required for all hours worked after Defendants' deductions.

26

27

28

9

First Amended Complaint For Damages

### iii. Unpaid Wages

21.     Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants.   Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiffs regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more.  Plaintiffs, however, were not compensated for their overtime in violation of Labor Code § 510.

### iv. Unpaid Commissions

22.     Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are earned. This compensation plan that requires the Loan Officers to forfeit earned wages for failing to remain an employee after the wages are earned is an unlawful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what is necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of earned wages for work performed by the Plaintiffs is therefore a de facto unenforceable

1 penalty provision which results in an unlawful forfeiture of earned compensation, divests
2 compensation from these employees, and is unconscionable within the meaning of Cal.
3 Lab. Code § 1670.5.

### v. Wage Statement Violations

23. Defendants failed to maintain and provide Plaintiffs with complete and accurate wage statements which failed to show, among other things, gross overtime pay and the true number of hours worked. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, Defendants provided Plaintiffs with wage statements that violate Cal. Lab. Code § 226, and also violate Wage Order No. 4 by failing to maintain time records showing when work begins and ends for each employee.

### vi. Meal and Rest Breaks

24. Because they misclassified Plaintiffs as exempt, Defendants did not provide Plaintiffs with meal or rest breaks. In violation of Labor Code § 266.7, Defendants also did not compensate Plaintiffs for rest breaks because Defendants paid on a commission basis for sales work and failed to separately pay Plaintiffs for rest breaks.

### B. Defendant's Employment Agreement Contains Numerous Unconscionable Clauses Under California Law.

25. Plaintiffs were all provided with a take-it or leave-it Employment Agreement, which they were required to sign as a condition of their employment. Defendants' Employment Agreement is littered with unconscionable clauses in a thinly-

11

049

veiled attempt to garner an unfair advantage over Plaintiffs who dare seek redress against Defendants illegal employment practices.   The offending clauses and the arbitration provisions of the Employment Agreement renders the entire agreement void and unenforceable.

**i.      The Employment Agreement Contains An Improper Fee Shifting Provision**

26.    Defendants' Employment Agreement contains an arbitration agreement, which purports to be optional, but in practice, is a mandatory condition of Plaintiffs' employment.  The California Supreme Court has held that when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement cannot require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court.  (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 110-111). Section VII of the Defendants' Employment Agreement, which states in pertinent part that, "the parties will share equally in the cost of such Arbitration...", is the type of cost-splitting provision that has specifically been held to be unconscionable and is therefore unenforceable.

**ii.     The Employment Agreement Contains an Improper Choice of Law and Forum-selection Clause.**

27.    Defendants' Employment Agreement requires disputes to be resolved in Arizona and that the employment relationship between NEXA and its employees will be governed and construed under and enforce with Arizona laws.  California prohibits employers from requiring an employee who primarily resides and works in California to agree, as a condition of employment, to a provision that would require the employee to

**12**

adjudicate outside of California a claim arising in California or deprive the employee of the substantive protection of California law with respect to any controversy arising in California. Any provision that violates these prohibitions is voidable (Lab.C. § 925(a), (b)). Plaintiffs all executed the Agreements in California, lived and worked in California, during all times relevant herein. This provision is therefore unenforceable.

      **iii.**     **The Employment Agreement Contains an Improper Ban on Class Actions.**

      28.     Defendants' Employment Agreement prohibits employees from pursuing or participating in relief on a class or collective action basis against NEXA "arising out of the employment relationship or this agreement." The California Supreme Court has held that class arbitration waivers are unlawful when they impermissibly interfere with the vindication of unwaivable statutory rights. "We conclude that at least in some cases, the prohibition of classwide relief would undermine the vindication of the employee's unwaivable statutory rights and would pose a serious obstacle to the enforcement of the state's overtime laws. Accordingly, such class arbitration waivers should not be enforced if a trial court determines...that class arbitration would be significantly more effective way of vindicating the rights of affected employees than individual arbitration." (Gentry v. Superior Court (2007) 42 Cal.4th 443). Further, the Federal Arbitration Act does not preempt California law with respect to class action waivers that apply outside of arbitration to non-arbitrable claims. (Garrido v. Air Liquide Industrial U.S. LP (2015) 241 Cal.App4th 833, 837-838 (observing claims that are not required to be arbitrated are not governed by the FAA and "Gentry's holding has not been overturned under California law in situations where the FAA does not apply")).

      29.     Defendants' arbitration agreement, which requires employees to bring

non-arbitrable claims individually in court – especially wage and hour claims where the potential recovery is modest – is contrary to public policy, unfair, and effectively exculpates Defendants from liability for common violations of the Labor Code. The class waiver is therefore unconscionable and unenforceable under California law because it applies to non-arbitrable claims that are not covered by the FAA, and because it imposes unfair obstacles to employees vindicating their statutory and unwaivable rights under the Labor Code.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to § 382 of the Code of Civil Procedure. The Class is sufficiently numerous and estimated to include between thirty to fifty employees, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties, Class members, and the Court. Plaintiff seeks to represent a Class composed of and defined as follows:

> Plaintiff Class:    All current or former employees of Nexa Mortgage, LLC who worked in California as mortgage salespersons or loan officers or similar position, and were classified as exempt, at any time beginning four years prior to the filing of this action through the date of trial.

31.    Plaintiff reserves the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

32.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.    *COMMONALITY*:    The Representative Plaintiff and the putative

14

class members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i. Whether Defendants misclassified Plaintiffs as exempt under the outside salesperson exemption.

ii. Whether the choice of law, forum selection and arbitration provisions in the Defendants' Employment Agreement are enforceable.

iii. Whether Defendants' violated Labor Code § 2802 by failing to reimburse its employees for business expenses incurred while working from home.

iv. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §1194 by failing to provide or pay minimum wage to Plaintiffs.

v. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §510 by failing to provide or pay overtime to loan officers.

vi. Whether Defendants violated IWC Wage Order No. 4-2001 and Labor Code §226.7 by failing to provide or pay for meal and rest breaks.

vii. Whether Defendants violated Labor Code §226 by failing to provide Plaintiffs with accurate itemized statements in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employer.

viii. Violating Labor Code Sections 201, 202, 203 & 204 by failing to tender timely and full payment and/or restitution of all wages owed to the employees whose employment with Defendants has terminated on sales which payment was received by Defendants;

ix. Whether Plaintiffs are entitled to restitution under Cal.Bus. & Prof. Code §§

15

053

17200 et seq.

x.   Whether Plaintiffs are entitled to receive interest on unpaid compensation due and owing them.

xi.   Where Defendants' systemic acts and practices violated California Labor Code §§ 201, 202, 221, 226.7, 351, 510, 512, 558, 1174, 1194 and 1197, applicable IWC wage orders, and California Business and Professions Code § 17200 et seq.

b.   *NUMEROSITY*: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of thirty to fifty persons. Individual joinder of Class members is also impracticable. The identity of Class Members can be determined easily upon analysis of, inter alia, employee and payroll records maintained by NEXA.

c.   *TYPICALITY*: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. The Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants common course of conduct in violation of law, as alleged herein.

d.   *SUPERIORITY OF CLASS ACTION*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying,

16

First Amended Complaint For Damages

inconsistent, or contradictory judgment and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex and factual issues. Moreover, individual actions by class members may establish inconsistent standards of conduct for NEXA. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member. Plaintiffs are informed and believe that NEXA used the same Employment Agreement on every loan officer, thereby making appropriate relief with regard to the members of the class as a whole, as requested herein.

e.     ADEQUACY OF REPRESENTATION: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defense unique from those conceivably applicable to the Plaintiff Class as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

**FIRST CAUSE OF ACTION**
**Failure To Reimburse Business Expenses / Unlawful Deduction**
**(Against all Defendants)**

33.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34.    At all mentioned times in this Complaint California Labor Code §§ 221 and

2802 were in full force and effect and binding on Defendants. Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

35. California Labor Code §221 states: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

36. California Labor Code §2802 provides, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful."

37. During the applicable statutory period, Plaintiffs incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants. These business expenses which Plaintiffs incurred, which were not reimbursed include, but are not limited to, internet, phone, personal computer usage, office supplies, utility bills, and/or fair rental value of space used for home office. Defendants did not reimburse these expenditures or losses to Plaintiffs. Moreover, Defendants had a policy and practice of deducting its business expenses from Plaintiffs' earned commissions.

38. Plaintiffs are entitled to reimbursement for all necessary expenditures and losses incurred in direct consequence of the discharge of their duties while employed by Defendants, and they are entitled to restitution of all monies unlawfully withheld by the Defendants in an amount according to proof at trial.

39.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wage in violation of**
**California Labor Code §§ 510, 1194, 1197 and IWC Wage Order 4-2001 §4.**
**(Against all Defendants)**

40.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.  At all times relevant, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiffs the amounts owed.

42.     Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code § 1197 provides "the minimum wage for employers fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."  Labor Code § 1194 provides "[N]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

43.     Labor Code § 1194.2 provides in relevant part: "In any action under §1193.6 or §1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

44.     Pursuant to IWC Wage Order No. 4-2001, at all time material hereto,

19

**First Amended Complaint For Damages**

"hours worked" includes "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, where or not required to do so."

45.    Plaintiffs are required to work non-selling time, for which they are not compensated.  This includes, but is not limited to, meetings, loan processing, training, loan tracking and/or customer service. Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated. For all hours Plaintiffs worked, they are entitled to not less than the California minimum wage and liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.  In addition, Plaintiffs are entitled to their attorneys' fees, costs and interest according to proof, and to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 et seq.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of
California Labor Code §§ 204, 510, 1194, 1197 & 1198 and IWC Wage Order 4-2001.
(Against all Defendants)**

46.    Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47.    Plaintiff and the putative class members are/were non-exempt hourly paid employees entitled to the protections of IWC order 4-2001 and Labor Codes §§ 201-204, 226, 510, 558, 1194, 1197 and 1198, among other applicable sections.

48.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

49.    At all times relevant herein, IWC Wage Order No. 4-2001, governing

"Professional, Technical, Clerical, Mechanical and Similar Occupations," applied and continues to apply to Plaintiffs.

50.     At all times relevant herein, IWC Wage Order No. 4-2001 provides for payment of overtime wages equal to one and one-half (1.5) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a work week, and/or for payment of overtimes wages equal to double the employee's regular rate of pay for all hours in excess of twelve (12) hours in any workday and/or for all hours worked in excess in eighty (8) hours on the seventh (7th) day of work in any one workweek.

51.     Throughout the class period, Plaintiffs have routinely and regularly worked in excess of eight hours per day and/or forty hours per week.

52.     Under the provisions of IW|C Order 4-2001, Plaintiffs should have received overtime wages in a sum according to the proof for hours worked during the three (3) years prior to filing of this action.  Defendants owe Plaintiffs overtime wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiffs the amounts owed.

53.     Plaintiffs request recovery of overtime compensation according to proof, interest, attorney fees, and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties on behalf of those employees no longer employed by the Defendants against Defendants in a sum as provided by the California Labor Code and/or other applicable statutes.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal and/or Rest Periods**
**California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001.**
**(Against all Defendants)**

54. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Labor Code § 512 provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.:

§11 of the Order 4-2001 of the Industrial Wage Commission provides in relevant part:

Rest Periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

22

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Lab. Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

56.     Defendants have intentionally and improperly failed to provide and/or permit all rest and/or meal periods without any work or duties to Plaintiffs who worked more than three and one half hours (3 ½) per day, and by failing to do so Defendants violated the provisions of Labor Code 226.7. Plaintiffs were often expected and required to continue working through rest periods to meet the expectations of Defendants and finish the workday. In some cases when Plaintiffs worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period. As a result, Plaintiffs were periodically unable to take compliant rest periods.

57.     In addition to failing to authorize and permit compliant reset periods, Plaintiffs were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code § 226.7. Thus, Defendants have violated Labor Code § 226.7 and the applicable Wage Order.

1    58.    Therefore, as a result of Defendants unlawful acts, Plaintiffs have been

2    deprived of timely off-duty breaks and are entitled to recovery under Labor Code

3    §226.7(b) and § 11 of IWC Wage Order No. 4-2004, in the amount of one additional

4    hour of pay at the employee's regular rate of compensation for each work period during

5    each day in which Defendants failed to provide its employees with timely statutory off-

6

7    duty breaks.

8                                   **FIFTH CAUSE OF ACTION**
     **Failure to Maintain Accurate Records and Furnish Accurate Itemized Wage**
9          **Statements Violation of California Labor Code §§ 226 (b), 1174, 1175**
                                  **(Against all Defendants)**
10

11    59.    Plaintiffs repeat and re-allege each and every allegation contained in the

12    foregoing paragraphs as if fully set forth herein.

13    60.    Labor Code § 226(a) of the California Labor Code requires Defendants to

14    itemize in wage statements all deductions from payment of wages and to accurately

15    report total hours worked by Plaintiffs and the putative class members.  Defendants

16    knowingly and intentionally failed to comply with Labor Code §226(a) on each and every

17

18    wage statement that should have been provided to Plaintiff and the putative class.

19    Specifically, Defendants knew that its employees worked far more hours than the hours

20    listed on their timesheets and that its employees were in fact performing "prep work" off

21    the clock.  Defendants maintained these policies despite this knowledge.

22    61.    Labor Code § 226(e) provides that an employee is entitled to recover $50

23    for the initial pay period in which a violation of § 226 occurs and $100 for each

24

25    subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for

26    all pay periods in which the employer knowingly and intentionally failed to provide

27    accurate itemized statements to the employee causing the employee to suffer injury.

28    62.    §1174 of the California Labor Code requires Defendants to maintain and

                                             24
                          First Amended Complaint For Damages

preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Likewise, IWC Wage Order 4-2001(7) requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period, meal periods, and total daily hours worked in an itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the putative class members. Labor Code §1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

63. Defendants have intentionally and willfully failed to keep accurate and complete records showing the hours worked daily, breaks taken and missed, and wages paid to Plaintiffs. Thus, Plaintiffs have been denied their legal right and protected interest in having available at a central location accurate and complete payroll records showing the hours worked daily by, and the wages paid to them.

64. In addition, Defendant knowingly and intentionally failed to maintain, furnish and provide timely, accurate, itemized wage statements by failing, inter alia, to identify all hours worked by Plaintiffs. Further, the wage statements were inaccurate as the unreimbursed business expenses, unpaid wages, missed meal and rest breaks were not included in the gross wages earned by Plaintiffs.

65. Defendants' failure to provide Plaintiffs with accurate itemized wage statements during the Class period has caused Plaintiffs to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest and meal periods, for hours worked without pay, for overtime work without pay. In addition, the Defendants provided inaccurate information regarding the hours worked,

1  which masked the underpayment of wages to Plaintiffs.

2  66.   As a result of Defendants' issuance of inaccurate itemized wage

3  statements and failure to maintain accurate records of Plaintiffs hours worked, Plaintiffs

4  are entitled to recover penalties pursuant to § 226(e).

5

6  **SIXTH CAUSE OF ACTION**
**Violations of Labor Code § 203 (Waiting Time Penalties)**
**(Brought by Plaintiff on behalf Class Members who are no longer employed by**
7  **Defendants)**

8  67.   Plaintiffs repeat and re-allege each and every allegation contained in the
9
   foregoing paragraphs as if fully set forth herein.
10

11  68.   California Labor Code § 201 requires Defendants to pay their discharged

12  employees all wages due immediately upon discharge.

13  69.   California Labor Code § 202 requires that if an employee quits his or her

14  employment, "his or her wages shall become due and payable not later than 72 hours

15  thereafter, unless the employee has given 72 hours previous notice of his or her

16  intention to quit, in which case the employee is entitled to his or her wages at the time of
17
   quitting.  Notwithstanding any other provision of law, an employee who quits without
18
   providing a 72-hour notice shall be entitled to receive a payment by mail if he or she so
19
20  requests and designates a mailing address.

21  70.   Labor Code § 203 provides that if an employer willfully fails to pay, without

22  abatement or reduction, in accordance with Labor Code §§ 201, 201.5, 202 and 205.5,

23  any wages of an employee who is discharged or who quits, the wages of the employee
24
   shall continue at the same rate, for up to thirty (30) days from the due date thereof, until
25
   paid or until an action therefore is commenced.
26

27  71.   Plaintiff and other putative class members who have been discharged or

28  who have quit are entitled to all unpaid compensation, pursuant to California Labor

26

First Amended Complaint For Damages

1  Code § 203, but, to date, have not received such compensation, as alleged above.

2  Plaintiff and the putative class members have not received payment for all of the time

3  spent working for Defendants.

4       72.     Defendants' willful failure to pay wages to these class members violates

5  Labor Code § 203 because Defendants knew or should have known wages were due to

6

7  these employees, but Defendants failed to pay them.  Thus, these class members are

8  entitled to recover their daily wage multiplied by thirty days and interest on all amounts

9  recovered herein.

10                        **SEVENTH CAUSE OF ACTION**
                    **Violation of Business & Professions Code**
11                  **(Cal. Bus. & Prof. Code §§ 17200, et seq.)**

12       73.     Plaintiffs re-allege and incorporate by reference the foregoing allegations

13  as though set forth herein.

14

15       74.     California Business & Professions Code ("B&PC") §§17200 et seq.

16  provides in pertinent part "…[U]nfair competition shall mean and include any unlawful,

17  unfair or fraudulent business act…".

18       75.     B&PC § 17205 provides that unless otherwise expressly provided, the

19  remedies or penalties provided for unfair competition "are cumulative to each other and

20  to the remedies or penalties available under all other laws of this state."

21

22       76.     B&PC § 17204 provides that an action for any relief from unfair

23  competition may be prosecuted by any person who suffered injury in fact and lost

24  money or property as a result of such unfair competition.

25       77.     Defendants have engaged in unlawful, unfair and fraudulent business acts

26  or practices prohibited by B&PC § 17200, including those set forth in the preceding and

27  foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly

28

                                    27
                    First Amended Complaint For Damages

                                                              065

1  situated of the minimum working standards and conditions due to them under California

2  labor laws and the IWC Wage Orders as specifically described herein.

3       78.    Defendants have engaged in unfair, unlawful and fraudulent business

4  practices in California by practicing, employing and utilizing the employment practices

5  outlined in the preceding paragraphs, specifically, by requiring employees to perform

6  the labor services complained of herein without the requisite compensation, by failing to

7  furnish Plaintiff and the putative class members with accurate itemized wage

8  statements, failing to keep payroll records showing total hours worked, and by requiring

9  Plaintiff and the putative class members to agree to a terms or conditions of

10 employment that Defendants knew or should have known is prohibited by law.

11       79.    Defendants' use of such practices constitutes an unfair business practice,

12 unfair competition, and provides an unfair advantage over Defendants' competitors.

13       80.    Plaintiffs have suffered injury in fact and have lost money or property as a

14 result of such unfair practices.

15       81.    Plaintiffs seek full restitution from Defendants, as necessary and

16 according to proof, to restore any and all monies withheld, acquired and/or converted by

17 Defendants by means of the unfair practices complained of herein.

18       82.    Further, if Defendants are not enjoined from the conduct set forth above,

19 Defendants will continue to practice, employ and utilize the employment practices

20 outlined in the preceding paragraphs.

21       83.    Therefore, Plaintiffs request that the Court issue a preliminary and

22 permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

## EIGHTH CAUSE OF ACTION
### Declaratory Relief

84.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

85.     CCP § 1060 provides that any person who desires a declaration of his or her rights or duties with respect to another, in cases of actual controversy relating to the legal rights and duties of the respective parties, may ask the Court for a declaration of rights or duties, and the Court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time; any such declaration by the Court shall have the force of a final judgment.

86.     An actual controversy exists between the parties as to the enforceability of the Employment Agreement and its provisions as stated above.    It is therefore necessary that the Court declare the rights and duties of the parties hereto.

87.     Labor Code § 925 prohibits an employer from requiring an employee who primarily resides and works in California to agree to a provision that either: (1) requires the employee to adjudicate outside of California a claim arising in California; or (2) deprives the employee of the substantive protection of California law with respect to a controversy arising in California.    Labor Code § 432.5 makes it unlawful for an employee to require an employee to agree, in writing, to a term or condition known by the employer to be prohibited by law.

88.     Plaintiffs assert the choice-of-law and forum selection provisions in the Defendants standard Employment Agreement are void and illegal, not just under Labor Code 925, but also under other California laws, including California's constitutional right to privacy, Business and Professions Code 16600, 17200 et seq., the Cartwright Act and Labor Code 98.6, 203, 226, 232, 232.5, 432.5, 450, 510, 1102.5, 1194, 1197.5,

First Amended Complaint For Damages

2802, and 2804.   These laws were established for a public reason and establish unwaivable rights.

89.    In light of the facts set forth above, a case or controversy exists as to whether Defendants requirement that Plaintiffs agree to Arizona forum selection and choice of law provision is unlawful and unenforceable.   Plaintiffs seek judicial declaration of their rights and obligations with respect to Defendants forum selection and choice of law provisions. Specifically, they seek a judicial declaration that Defendants violate the law (including Labor Code Section 432.5 and 925) by requiring employee to agree to the forum selection and choice of law provisions in their employment documents.   The also seek a declaration that the forum selection and choice of law provisions violate the laws referenced above.

90.    In addition, Plaintiffs are informed and believe that Defendants require all current employees and applicants for employment to execute, as part of their continued or application for employment, an Employment Agreement that contains an arbitration provision.   The arbitration agreement is an adhesive contract because agreement is drafted exclusively by Defendants, at the time the arbitration provision was executed by Plaintiffs, Defendants exercised superior bargaining power over the employees and applicants for employment.  Further, Defendants require Plaintiffs to adhere to the terms of the standard form agreement presented to them on a "take it or leave it" basis.  There was and is no opportunity to negotiate different terms than those drafted by Defendants. Further, the arbitration agreement is unenforceable for a number of reasons, including the reasons stated above, and because the Agreement limits Plaintiffs' procedural and substantive rights and requires Plaintiffs to pay the fees of retired judges who act as arbitrators.

91.     Further, Plaintiffs seek a judicial determination regarding the enforceability of the "class waiver" contained in Defendants' Employment Agreement.

92.     Ancillary to this judicial declaration, Plaintiffs seek an injunction: (1) Prohibiting Defendants from requiring Plaintiffs to sign employment documents that contain out-of-state forum selection or choice of law provisions; and (2) prohibiting Defendants from threatening to enforce or enforcing these forum selection and choice of law provisions.  Plaintiffs also seek an affirmative injunction requiring Defendants to inform class members that its forum selection and choice of law provisions are unlawful, and it will not threaten to enforce or enforce these provisions.

### NINTH CAUSE OF ACTION
### Enforcement of Labor Code Section 2698 et. seq. ("PAGA")
### (Cal. Lab. Code Sections 2698, et seq.)

93.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

94.     Plaintiff is an aggrieved employee under PAGA because he was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth in the Complaint. Plaintiff seeks to recover on his behalf and on behalf of the State, and on behalf of all current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs in this representative action. As a matter of law, Plaintiffs PAGA claim is not subject to having the dispute resolved in arbitration or pursuant to any purported arbitration agreement.

95.     For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial

violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

96.    Defendants' conduct violates numerous Labor Code section including, but not limited to, the following:

(a) Violation of Labor Code §§ 201-203, 204, 510, 1194, 1197 and 1198 for failure to timely pay all earned wages (including minimum wages and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b) Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

(c) Violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged; and

(d) Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate records.

97.    Further, Labor Code § 558 provides, "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

underpaid wages; (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) provides "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

98.     As set forth above, Defendants have violated numerous provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff seeks the remedies set forth in Labor Code § 558 for himself, the underpaid employees, and the State of California.

99.     Plaintiff is an "aggrieved employee" because he was employed by the Defendants and had one or more of the alleged violations committed against him, and therefore is properly suited to represent the interests of all other aggrieved employees.

100.    Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

101.    Pursuant to Labor Code § 2699(a), 2699.2, and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

102.    99. For bringing this action, Plaintiff is entitled to attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against the Defendants as follows:

1.     An Order that this action may proceed and be maintained on a class-wide basis;

2.     Appropriate Injunctive relief;

1    3.    Attorneys' fees and costs, according to proof;

2    4.    Disgorgement and restitution, according to proof;

3    5.    Statutory and civil penalties, according to proof;

4    6    Damages for the mount of unpaid compensation, including interest

5    thereon, liquidated damages, and penalties subject to proof at trial;

6

7    7.    An award of civil penalties pursuant to PAGA and/or other applicable laws;

8    and

9    8.    Directing such other and further relief as this Court may deem proper.

10                                    **JURY DEMAND**

11    WHEREFORE, Plaintiff demands a trial by jury.

12                                    **MILLER LAW FIRM**

13    Dated:  October 31, 2022          By:    **/s/ Matthew R. Miller**

14                                             Matthew R. Miller

15                                             Attorneys for Plaintiff and the Proposed Class

16

17

18

19

20

21

22

23

24

25

26

27

28

---

34

First Amended Complaint For Damages

072

# EXHIBIT 1

# MILLER LAW FIRM

Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 301
San Diego, CA 92101
Telephone: 619.687.0143
Fax: 619.687.0136
www.mrmlawfirm.com

MATTHEW R. MILLER                                                      CARLOS AMERICANO

August 12, 2022

California Labor and                          *VIA ELECTRONIC FILING*
Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

Nexa Mortgage LLC
3100 W Ray Rd #201
Office #209
Chandler, AZ 85226

> **RE:   PAGA Notice Pursuant to California Labor Code § 2699**
> Nexa Mortgage LLC

Dear PAGA Administrator and Nexa Mortgage LLC:

We represent Damian Diaz, a former employee of Nexa Mortgage, LLC ("Nexa") with respect to claims arising from his employment with Nexa. The purpose of this letter is to provide notice to the Labor and Workforce Development Agency and Nexa of violations of the California Labor Code.

Mr. Diaz seeks to represent himself and other current and former employees (collectively referred to as "Plaintiffs") with respect to violations of the California Labor Code pursuant to Labor Code sections 2699 et seq. The facts and theories in support of his claims are set forth below.

1.      Nexa Misclassified Non-Exempt Employees as Exempt.  Plaintiffs are nonexempt Loan Officer employees, but were misclassified by Nexa as exempt based on the outside salesperson exemption.  Plaintiffs worked less than 50% of their time outside offices or work locations designated by Nexa.  Indeed, Nexa does not maintain brick and mortar offices in the State of California, therefore Plaintiffs were required to work from home, thus they could not qualify as outside salespersons.

Plaintiffs are loan officers who promote and sell Nexa's loan products to customers, which is work directly related to the goods and services that constitute a financial service company's marketplace offerings. §13 of the Fair Labor Standards Act ("FLSA") and Title 29 of the Code of Federal Regulations ("C.F.R") §541, et seq., set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "outside salesperson" exemption.  Pursuant to 29 C.F.R. 541.502 and California law, an outside sales employee must be customarily and regularly engaged and/or spend more than half of his/her

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 2

working time "away from the employer's place of business" actually selling items or obtaining order or contracts for products and/or services.

"Outside sales does not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's place of business, even the employer is not in any formal sense the owner or tenant of the property." (29 C.F.R. 541.502).

Nexa requires Plaintiffs to perform day-to-day sales activities at their home offices primarily by and through telephone, internet and/or direct mail-initiated sales. As a result, Plaintiffs are engaged in a type of work that falls outside the scope of the "outside salesperson" exemption and should therefore have been properly paid all earned wages including minimum and overtime compensation. Specifically, Mr. Diaz worked in his home office in Oceanside conducting sales more than half his working time and did not perform sales work outside of his home office for purposes of the "outside salesperson" exemption. As a result, Plaintiffs do not qualify as outside sales employees under the "outside salesperson" exemption set forth in 29 C.F.R. 541.502 and under California law.

In addition, §13 of the FLSA and Title 29 of the C.F.R. set forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt pursuant to the "inside salesperson" exemption. 29 C.F.R. 779.317 establishes that the term "retail or service establishment" as used in the Act "does not encompass establishments in industries lacking a retail concept." Such establishments not having been traditionally regarded as retail or service establishments, such a loan or finance companies, cannot under any circumstance qualify as a "retail or service establishment" within the statutory definition of the Act." Plaintiffs are not exempt under §13 of the FLSA or the provisions of 29 C.F.R. 541, et seq. because Nexa is a financial services company which does not qualify as a "retail or service establishment" pursuant to 29 C.F.R. 779.317, and therefore Plaintiffs do not qualify for the "inside salesperson" exemption set forth in 29 U.S.C. § 207(i) as a matter of law. Nexa's conduct as herein alleged was willful and not in good faith, and Nexa had no reasonable grounds for believing that Plaintiffs were exempt from California's labor laws.

As a result of Nexa's misclassifying their employees and in the one (1) year prior to this letter through the present, Mr. Diaz alleges, on information and belief, that current and former aggrieved California Loan Officers were not paid with compensation at the overtime rate of pay for all the overtime hours that they worked; were not authorized or permitted to take all legally required and compliant meal periods and/or paid proper meal period premiums; were not authorized or permitted to take all legally required and compliant rest periods and/or paid proper rest period premiums; were not timely paid their earned wages during their employment; were not provided with complete and accurate wage statements; and were not timely paid their final pay upon separation of employment.

2.    Nexa Failed to Pay Overtime Wages.  At all relevant times, Nexa implemented policies and procedures which misclassify its Loan Officers as exempt when, in fact, they should have been classified as non-exempt and, therefore, fail to provide aggrieved California non-exempt hourly Loan Officers with overtime wages for the overtime hours that they worked at

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 3

their overtime rate.

As a result of these policies, Nexa failed to compensate Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt at an overtime rate for all overtime hours worked when the employees had already worked in excess of 8 up to 12 hours in a workday, over 40 hours in a workweek, up to 8 hours on any seventh consecutive day in a workweek, hours worked in excess of 12 hours in a workday, or over 8 hours on any seventh consecutive day in a workweek.

Nexa's policies and procedures were applied to current and former aggrieved California-based Loan Officers who were misclassified for over a year preceding the sending of this notice to the present and resulted in non-exempt employees working time which was not compensated any wages in violation of Labor Code sections 510, 1194, 1197, 1198 and the Wage Orders.

3. Nexa Failed to Compensate for Missed Meal Periods. Nexa implemented policies and and/or implanted policies which failed to provide Mr. Diaz and current and former aggrieved California-based Loan Officers who were misclassified as exempt with all meal periods as required by and in compliance with the law, including full duty free and timely meal periods. Mr. Diaz alleges that Kubota regularly employed him and other current and former aggrieved California-based Loan Officers who were misclassified as exempt for shifts longer than five (5) hours and/or shifts longer than ten (10) hours. However, as a result of Lexa's misclassification of Mr. Diaz and other current and former aggrieved California-based Loan Officers as exempt employees, Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt were not provided a duty-free uninterrupted meal period of no less than thirty (30) minutes for each five-hour period of work.

Additionally, Nexa failed to provide Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt with a premium wage of (1) one hour of premium pay at the employee's regular rate of pay for each workday they did not receive all legally required and compliant meal periods, in violation of Labor Code section 226.7 and Wage Order 4-2001 section 11.

This practice resulted in Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt not receiving wages to compensate them for workdays which Nexa did not provide them with all legally required and legally compliant meal periods in compliance with California law.

4. Nexa Failed to Compensate for Missed Rest Breaks. Nexa implemented policies and and/or implanted policies which failed to provide Mr. Diaz and current and former aggrieved California-based Loan Officers who were misclassified as exempt with uninterrupted duty free 10-minute rest periods for each four hours or major fraction thereof worked.

Mr. Diaz alleges that Nexa regularly employed him and other current and former aggrieved California-based Loan Officers who were misclassified as exempt for shifts longer than three-and-a-half (3.5) hours. However, as a result of Nexa's misclassification of Mr. Diaz and other current and former aggrieved California-based Loan Officers as exempt employees, Mr. Diaz and other current and former aggrieved California-based Loan Officers who were

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 4

misclassified as exempt were not provided all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

Nexa failed to provide Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt with a premium wage of (1) one hour of premium pay at the employee's regular rate of pay for each workday they did not receive all legally required and compliant rest periods, in violation of Labor Code section 226.7 and Wage Order 4-2001 at section 12.

This practice resulted in Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt not receiving wages to compensate them for workdays which Nexa did not provide them with all legally required and/or legally compliant rest periods in compliance with California law.

5. <u>Nexa Failed to Pay Earned Wages During Employment.</u> Plaintiffs were not provided with minimum wages, overtime compensation and other benefits required by law as a result of being misclassified as "exempt" by Defendants. Defendants failed to pay Plaintiffs for all hours worked, including but not limited to, meetings, loan processing, training, loan tracking, and/or customer service in violation of Labor Code § 1197. In addition, Plaintiffs regularly worked overtime, including working days that were 10 hours or more, and weeks that were 50 hours or more. Plaintiffs, however, were not compensated for their overtime in violation of Labor Code § 510.

6. <u>Nexa Failed to Pay Earned Commissions.</u> Defendants failed to pay Plaintiffs for all earned wages, including but not limited to, unpaid wages promised to be paid on loans originated by these employees. As part of Defendant's unlawful compensation scheme, in order to receive earned wages for work performed, Defendants require Plaintiffs to remain an employee after the point in time that the wages are earned. This compensation plan that requires the Loan Officers to forfeit earned wages for failing to remain an employee after the wages are earned is an unlawful restraint on the Loan Officers' mobility to move from job to job. Defendants' compensation plan goes far beyond what is necessary to protect its legitimate interests resulting in a situation where the opportunity of the Loan Officers to seek other employment is thereby unlawfully restricted. California law ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice, while also protecting the legal right of persons to engage in businesses and occupations of their choosing. Defendants' compensation scheme denying payment of earned wages for work performed by the Plaintiffs is therefore a de facto unenforceable penalty provision which results in an unlawful forfeiture of earned compensation, divests compensation from these employees, and is unconscionable within the meaning of Cal. Lab. Code § 1670.5.

7. <u>Nexa failed to reimburse employees for business expenses.</u> Defendants failed to indemnify and reimburse the Plaintiffs for required expenses incurred in the discharge of their duties for Defendant. Cal. Lab. Code § 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." In this case, Defendants failed to reimburse the Plaintiffs for

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 5

home office expenses, including a printer, fax machine, internet, phone, and other office-related products; and other loan servicing related expenses in violation of California Labor Code § 2802.

8.    Nexa passed on its business costs to Plaintiffs.    In violation of Labor Code § 221, Defendants passed on their labor costs to Plaintiffs. Cal. Lab. Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. Prior to receiving their earned commission Defendants would deduct "fees", costs and expenses that were part of the general overhead of the Defendants. These deductions included, but are not limited to, background checks, Nationwide Multistate Licensing System & Registry Fees, "Technology" fees, "NXAtouch (BNTouch)" fee, credit report costs, NEXA Accounting Fees, and other "miscellaneous" fees. Plaintiffs are informed and believe that in some cases, loan officers earned less than minimum wage required for all hours worked after Defendants' deductions.    In addition, Mr. Diaz is informed and believes that NEXA violates California Labor Code Section 224 by making deductions from the employee's wages that are neither authorized by the employee or permitted by law.

9.    Nexa Failed to provide accurate wage statements. California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

As a result of Nexa's aforementioned violations of the Labor Code (including failure to pay overtime wages for overtime hours worked, failure to pay meal period premiums, and/or failure to pay rest period premiums) rendered inaccurate the pay calculations of Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt, in violation of Labor Code section 226.

10.    Failure to timely pay final wages. An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within 72 hours of resignation. (Labor Code §§ 201, 202).

Labor Code section 201(a) states that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202(a) continues, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than hours thereafter...." Finally, Labor Code section 203(a) provides, "[i]f an employer willfully fails to pay...any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 6

therefor is commenced; but the wages shall not continue for more than 30 days...."

As a result of Nexa's aforementioned violations of the Labor Code (failure to pay overtime wages for overtime hours worked, failure to pay meal period premiums, and/or failure to pay rest period premiums) Mr. Diaz and other current and former aggrieved California-based Loan Officers who were misclassified as exempt were not timely paid all their final wages after each employee's termination and/or resignation, as required by Labor Code sections 201, 202, and 203.

## Request Remedy

Pursuant to Labor Code sections 2699(a) and (f), Mr. Diaz is entitled to recover civil penalties for Nexa's violations of Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, and 1198 and the IWC Wage Orders during the Civil Penalty Period in the following amounts:

a.      For violations of Labor Code sections 201, 202, 203, 226.7, 512, and 1198 (i.e. failure to final wages); one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

b.      For violations of Labor Code section 204 (i.e. failure to timely pay earned wages): one hundred dollars ($100) for any initial violation for each failure to pay each employee, and for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, as established by Labor Code section 210.

c.      For violations of Labor Code section 226 (i.e. inaccurate wage statements) , two hundred fifty dollars ($250) for each employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

d.      For violations of Labor Code section 510 (i.e. failure to pay overtime), fifty dollars ($50) for each employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 558] and any unpaid wages.

e.      For violations of Labor Code section 1194 and 1197 (failure to pay overtime), one hundred dollars ($100) for each underpaid employee for each pay period for the initial violation, and for each subsequent violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 1197.1 ] and any unpaid wages.

In addition, pursuant to Labor Code section 2699(g), Mr. Diaz seeks to recover attorney's fees, costs, filing fees paid to the LWDA, and civil penalties on behalf of himself and the other employees of Nexa.

California Labor and Workforce Development Agency
Re: Violations of California Labor Code
August 12, 2022
Page 7

Pursuant to Cal.Labor.Code § 2699.3(a)(2)(B) Mr. Diaz requests the agency investigate the above allegations and provide notice of the allegations pursuant to PAGA's provisions. Alternatively, Plaintiffs request the agency inform them if it does not intend to investigate these violations.

Very truly yours,

*Matthew R. Miller*

Matthew R. Miller
MILLER LAW FIRM

C:\Users\Carlos Americano\OneDrive - Miller Law Firm\FIRM\JD\CASES\1086-Diaz\PAGA.doc

080

# EXHIBIT E

## SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2022-00031816-CU-OE-NC | Filing Date: | 08/03/2022 |
| Case Title: | Diaz vs Nexa Mortgage LLC [IMAGED] | Case Age: | 112 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Earl H. Maas, III |
| Case Type: | Other employment | Department: | N-28 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 01/13/2023 | 10:00 AM | N-28 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| Diaz, Damian | Plaintiff | Americano, Carlos; Dawson, Brian C |
| Nexa Mortgage LLC | Defendant | |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| AMERICANO, CARLOS | 835 fifth Avenue 301 San Diego CA 92101 | |
| DAWSON, BRIAN  C | 5755 Oberlin Drive 301 San Diego CA 92121 | |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 08/03/2022 | Complaint filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 2 | 08/03/2022 | Civil Case Cover Sheet filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 3 | 08/03/2022 | Original Summons filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |
| 4 | 08/03/2022 | Case assigned to Judicial Officer Maas, Earl. | |
| 5 | 08/11/2022 | Civil Case Management Conference scheduled for 01/13/2023 at 10:00:00 AM at North County in N-28 Earl H. Maas. | |
| 6 | 10/31/2022 | Amended Complaint (***FIRST AMENDED CLASS ACTION***) filed by Diaz, Damian. Refers to: Nexa Mortgage LLC | Diaz, Damian (Plaintiff) |

# EXHIBIT F

**California**
*Secretary of State*

Business   UCC

Login

# Business Search

The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.

Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.

**Basic Search**

A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The

Home

Search

Forms

Help

## NEXA MORTGAGE, LLC (201823610151)



Request Certificate

| | |
|---|---|
| Initial Filing Date | 08/21/2018 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | ARIZONA |
| Entity Type | Limited Liability Company - Out of State |
| Principal Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER, AZ 85226 |
| Mailing Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER,AZ85226 |
| Statement of Info Due Date | 08/31/2024 |
| Agent | 1505 Corporation 312 PARACORP INCORPORATED 2804 GATEWAY OAKS DR #100 SACRAMENTO, CA 95833 |

Skip to main content   State

084

| Business | UCC |

## *Advanced Search*

An Advanced search is required when searching for publicly traded disclosure information or a status other than active.

An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.

**Disclaimer:** Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.

Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.

Home

Search

Forms

Help

Login

### NEXA MORTGAGE, LLC (201823610151)



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 08/21/2018 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | ARIZONA |
| *Entity Type* | Limited Liability Company - Out of State |
| *Principal Address* | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER, AZ 85226 |
| *Mailing Address* | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER,AZ85226 |
| *Statement of Info Due Date* | 08/31/2024 |
| *Agent* | 1505 Corporation 312 PARACORP INCORPORATED 2804 GATEWAY OAKS DR #100 SACRAMENTO, CA 95833 |

NEXA mortgage

Advanced ⌄

Results: 1



Skip to main content    State

085



NEXA MORTGAGE, LLC
(201823610151)

Business | UCC

Login

Home

Search

Forms

Help

| NEXA MORTGAGE, LLC (201823610151) | > | 08/21/2018 | Active | Limited Liability Company - Out of State |

Request Certificate

| | |
|---|---|
| Initial Filing Date | 08/21/2018 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | ARIZONA |
| Entity Type | Limited Liability Company - Out of State |
| Principal Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER, AZ 85226 |
| Mailing Address | 3100 W RAY RD STE 201, OFFICE #209 CHANDLER,AZ85226 |
| Statement of Info Due Date | 08/31/2024 |
| Agent | 1505 Corporation 312 PARACORP INCORPORATED 2804 GATEWAY OAKS DR #100 SACRAMENTO, CA  95833 |

© 2022 CA Secretary of State

086