**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMIAN DIAZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEXA MORTGAGE, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cv-1895-BAS-DDL<br><br>**ORDER GRANTING *EX PARTE* APPLICATION TO REQUEST ACCEPTANCE OF LATE FILING (ECF No. 10)** |

　　　　Before the Court is Defendant's unopposed *ex parte* application to request that the Court accept a late-filed brief pursuant to Local Rules 7.1(e)(5) and 83.3(g) and this Court's Standing Order. (Ex Parte App., ECF No. 10.) The hearing date for Plaintiff's pending Motion to Remand (ECF No. 5) is January 30, 2023. Pursuant to Local Rule 7.1(e)(2), Defendant's opposition papers would normally have been due January 16, 2023. But because January 16, 2023 was a federal holiday, the opposition brief was due January 13, 2023. CivLR 7.1(c); Fed. R. Civ. P. 6(a). Defendant represents that it attempted to file its opposition brief on January 13, 2023, at approximately 7:30 p.m. (Ex Parte App. at 2.) However, the CM/ECF system for the Southern District of California was down for

maintenance from 5:00 p.m. PST on Friday, January 13, 2023, to noon on Sunday, January 15, 2023. (Ex Parte App. at 2.) Defendant's local counsel failed to take this maintenance into consideration. As a result, Defendant was not able to file the opposition brief by the January 13, 2023 filing deadline. (*Id.*) Defendant did, however, timely serve Plaintiff with the opposition brief by email. (*Id.*) Defendant also represents that it has met and conferred with Plaintiff on this matter and Plaintiff does not oppose this *ex parte* application. (*Id.* at 2–3.)

Upon considering the Defendant's *ex parte* application and the relevant four-factor equitable test, the Court finds Defendant failed to timely act due to its counsel's excusable neglect. *See* Fed. R. Civ. P. 6(b); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (enumerating four-factor equitable test for determining excusable neglect); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) ("[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."). Thus, the Court retroactively extends the time period for Defendant to file its opposition and will consider Defendant's opposition to Plaintiff's motion to remand.

**IT IS SO ORDERED.**

**DATED: January 18, 2023**

Hon. Cynthia Bashant
United States District Judge